OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 11, 2001

The Honorable Karen H. Meinardus
Wharton County Attorney
103 South Fulton
Wharton, Texas 77488

Opinion No. JC-0376

Re: Whether excess contributions refunded to a county under section 26.008 of the Government Code may be paid as one-time salary supplements to employees of a county court (RQ-0315-JC)

Dear Ms. Meinardus:

You have asked this office whether a "one-time salary supplement to court personnel" constitutes a court-related purpose within the meaning of section 21.006 of the Government Code, or whether such a payment "would . . . be prohibited as a 'bonus'?"[1] We conclude that the use of moneys from the judicial fund created by section 21.006 for the compensation of court personnel is a court-related purpose. *See* Tex. Att'y Gen. Op. No. JC-0158 (1999) at 3 (court-related purposes include "salaries and other expenses related to the operation of the courts"); *see also* TEX. GOV'T CODE ANN. § 21.006 (Vernon 1988). As to the question of whether a "bonus" is prohibited, retrospective increases to an already-established salary after services have been rendered would violate article III, section 53 of the Texas Constitution. Prospective increases in salary, however, are another matter.

As you explain the situation giving rise to your request, the Comptroller of Public Accounts deposited the sum of $962.42 in the account of Wharton County. *See* Request Letter, *supra* note 1, at 1. This deposit constituted "excess contributions" within the meaning of section 26.008 of the Government Code. Accordingly, it is "to be used only for court-related purposes for the support of the judiciary as provided by Section 21.006 [of the Government Code]." TEX. GOV'T CODE ANN. § 26.008(b) (Vernon Supp. 2001). "On November 17, 2000 the Constitutional County Judge directed that the Treasurer pay the $962.42 to a court employee as a salary supplement." *See* Request Letter, *supra* note 1, at 1. You ask first whether a salary supplement to a court employee is a "court-related purpose."

---

[1]Letter from Honorable Karen H. Meinardus, Wharton County Attorney, to Honorable John Cornyn, Attorney General of Texas (Nov. 27, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

This office considered a related question in Attorney General Opinion JC-0158. In that opinion, we considered whether funds distributed to the counties under section 25.0016 of the Government Code, which parallels section 26.008, could be used for the salaries of statutory county court judges and concluded that the funds could be used for that purpose. *See* Tex. Att'y Gen. Op. No. JC-0158 (1999). Noting that section 25.0016, like section 26.008, requires that the funds in question be "used only for court-related purposes for the support of the judiciary as provided by Section 21.006," *see* TEX. GOV'T CODE ANN. § 25.0016(b) (Vernon Supp. 2001), Attorney General Opinion JC-0158 concludes that "such purposes include salaries and other expenses related to the operation of the courts." Tex. Att'y Gen. Op. No. JC-0158 (1999) at 3. Given that the language of both sections is identical, we conclude that funds distributed to the counties under section 26.008, like those distributed pursuant to section 25.0016, may be expended for the compensation of court employees.[2]

You next ask whether a "one-time salary supplement . . . would . . . be prohibited as a 'bonus'?" *See* Request Letter, *supra* note 1, at 1. We presume that your concern here is based on article III, section 53 of the Texas Constitution, which forbids "any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, *after service has been rendered* . . . ." TEX. CONST. art. III, § 53 (emphasis added). As the Interpretive Commentary to this section puts it, the purpose of this section is "to prevent the counties or municipalities from freely giving away the public moneys for services previously rendered or for which no valid legal authorization existed for which the public would receive no return." *Id.* interp. commentary (Vernon 1977).

As this office has frequently noted, the key concern here is that public compensation not be increased retrospectively. Thus, in Attorney General Opinion JM-1113, we wrote that "the fact that [a] commissioners court budgeted funds for merit raises does not give the court authority to make individual raises retroactive to the date on which funds were available for merit raises." Tex. Att'y Gen. Op. No. JM-1113 (1989) at 3. Attorney General Opinion JM-1253 holds that a prosecutor could pay a bonus from drug seizure funds only if the commissioners court had approved a bonus plan as part of compensation before services were rendered. *See* Tex. Att'y Gen. Op. No. JM-1253 (1990) at 2-3. Similarly, in Attorney General Opinion JC-0026, we found that while a commissioners court might prospectively adjust the rate of longevity pay for a county sheriff, making such an adjustment retroactive would fall afoul of section 53, *see* Tex. Att'y Gen. Op. No. JC-0026 (1999); and in Attorney General Opinion JC-0123, we determined that, where a county's personnel policy credited unused vacation time to an employee on the anniversary of his starting date, an employee who resigned before that anniversary to become a county officer lost such unused leave. *See* Tex. Att'y Gen. Op. No. JC-0123 (1999). While in that case the county could prospectively change that policy, it could not apply such a change retroactively, because "[o]therwise . . . the officer would receive 'extra compensation' for the work he performed as a county employee."

---

[2]We note that the passage of House Bill 2300, repealing section 25.0016, will effectively overrule Attorney General Opinion JC-0158 (1999) by operation of law. However, the opinion's analysis of the meaning of the phrase "court-related purpose" in our view remains sound. *See* Tex. H.B. 2300, 77th Leg., R.S. (2001).

*Id.* at 2. The rule, as we expressed it in that opinion, is that "an increase in benefits approved after the work has been performed may not be applied retroactively to work that has already been performed." *Id.* In short, additional payments made for work already done would violate article III, section 53. On the other hand, a prospective increase in compensation or benefits does not.

We have only limited information as to this particular instance, and in any case cannot find facts in the opinions process. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2; DM-98 (1992) at 3; H-56 (1973) at 3. Accordingly, we can only offer our view on the purely legal question involved, which is, as we have said, that a retroactive increase in compensation is constitutionally impermissible, but a prospective one is not.

## SUMMARY

Compensation of court personnel is a "court-related purpose" within the meaning of section 21.006 of the Government Code. Retroactive increases in compensation for services already rendered violate article III, section 53 of the Texas Constitution. Prospective increases in compensation do not.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee